UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UBALDO FLORES,

          Plaintiff,

    v.

ALLIANCE RESIDENTIAL LLC,

          Defendant.

Case No. 5:17-cv-06680-EJD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 26

      Plaintiff Ubaldo Flores alleges in this action that his former employer, Defendant Alliance Residential, LLC, discriminated and retaliated against him because of restrictions resulting from work-related injuries. Federal jurisdiction arises under 28 U.S.C. § 1332, and Alliance moves for judgment on the pleadings as to several of Plaintiff's causes of action. Dkt. No. 26. Plaintiff opposes.

      Because some, but not all, of Alliance's arguments are meritorious, its motion will be granted in part and denied in part for the reasons explained below.

## I.    BACKGROUND

      Alliance owns and operates residential apartment complexes. Compl., Dkt. No. 1, at p. 1. Plaintiff was formerly employed as a porter groundskeeper responsible for the upkeep of a combined 500-unit apartment complex and building exteriors. Id. at ¶ 7. His job required "lifting heavy objects, painting, and maintaining greenspace." Id. The locations where Plaintiff worked did not have elevators, "only stairs to access the floors." Id. at ¶ 8. In 2012, Dave Jones became Plaintiff's supervisor. Id. at ¶ 10. Jones reported to the property manager, Cory Williams. Id.

1    Plaintiff alleges that Jones frequently assigned him to projects requiring heavy lifting

2  "without adequate support, training, and assistance." Id. at ¶ 11. Plaintiff was afraid to complain

3  to Jones or Williams, however, because Jones allegedly threatened complaining employees with

4  termination. Id. at ¶ 12.

5    Plaintiff injured his left knee at work on November 13, 2013, but did not immediately

6  report the injury. Id. at ¶¶ 13, 14. On December 27, 2013, Jones assigned Plaintiff to paint the

7  main office, which required Plaintiff to kneel. Id. at ¶ 15. Plaintiff alleges this activity caused

8  him "extreme pain" in his left knee, and he eventually told Jones he could not do the assignment

9  and reported his prior injury. Id. Jones drove Plaintiff to a medical clinic. Id. The doctor put

10  Plaintiff on leave for one week and gave him work restrictions of limited kneeling and climbing,

11  limited lifting and carrying, limited pushing and pulling, and not squatting or stooping. Id.

12    Plaintiff returned to work on January 3, 2014, and provided a doctor's note with his work

13  restrictions. Id. at ¶ 16. Plaintiff alleges that Jones and Williams ignored the restrictions and

14  assigned him to a project which required him to "traverse numerous staircases." Id. at ¶ 17.

15  Plaintiff alleges this project severely exacerbated his knee pain. Id. Plaintiff further alleges that

16  throughout February and March, 2014, Jones "constantly assigned [Plaintiff] duties that violated

17  [Plaintiff's] work restrictions, such as repeatedly walking up and down staircases." Id. at ¶ 21.

18    Eventually, an MRI of Plaintiff's knee revealed he needed surgery. Id. at ¶ 20. Plaintiff

19  had the surgery in April, 2014, and was off work for approximately 45 days. Id. at ¶ 23.

20  Plaintiff's doctor gave him work restrictions of no crawling, squatting, kneeling, or climbing. Id.

21  at ¶ 24. Plaintiff returned to work in July, and his work restrictions were removed on September

22  9, 2014. Id. at ¶¶ 25, 27.

23    Plaintiff then fell at work on October 23, 2014, injuring his lower back and left shoulder.

24  Id. at ¶¶ 28, 30. Jones took Plaintiff to the medical clinic, and the doctor gave Plaintiff work

25  restrictions of no pushing, pulling, reaching up, or lifting over seven pounds. Id. at ¶ 31. Plaintiff

26  alleges other Alliance employees began "lashing out" at him after the injury, and ignored and

27  Case No.: 5:17-cv-06680-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
   JUDGMENT ON THE PLEADINGS

1  shunned him after he complained.  Id. at ¶¶ 32, 33.  Plaintiff also alleges Jones and Williams made

2  him sign a "Probation Form" as a result of the October 23rd incident.  Id. at ¶ 34.

3          On August 10, 2015, Plaintiff had surgery on his left shoulder and was on leave from work

4  for one month.  Id. at ¶ 41.  He was given light duty restrictions, and informed Williams on

5  September 9, 2015, that he could return to work that day.  Id. at ¶ 42.  Williams told Plaintiff to

6  come back on September 14, 2015.  Id.  When he did, Plaintiff was told there was no light work

7  for him, though he did work that day.  Id. at ¶ 43.

8          Plaintiff saw the doctor again on September 22, 2015, because his condition worsened.  Id.

9  at ¶ 45.  After Plaintiff insisted on returning to work, the doctor gave Plaintiff restrictions of no

10  walking or standing for long periods of time, and no lifting more than 15 pounds.  Id.  Plaintiff

11  gave the note to Williams, who sent Plaintiff back to work.  Id.  However, Williams later called

12  Plaintiff and "told him that he could not continue working per Human Resources' orders" and to

13  "return work when he did not have any restrictions because they did not have light work for him."

14  Id.  Plaintiff returned to work about two weeks later, but was told by a new property manager "that

15  he could not work based on his work restrictions."  Id. at ¶ 46.

16           On November 3, 2015, Plaintiff received a call from a human resources representative

17  who asked when Plaintiff could return to work.  Id. at ¶ 47.  Plaintiff alleges this representative

18  told him he had "too many restrictions," but renewed Plaintiff's health insurance and did not tell

19  him he was terminated.  Id.  Plaintiff continued to receive documents related to his employment

20  with Alliance.  Id. at ¶ 51.

21          On August 5, 2016, Plaintiff's doctor attempted to communicate Plaintiff's medical status

22  to Alliance.  Id. at ¶ 51.  Plaintiff alleges that Alliance refused this communication.  Id.  Plaintiff's

23  wife then called human resources and was told Plaintiff was terminated as of November, 2015.  Id.

24  at ¶ 52.

25          Plaintiff filed a charge of discrimination with the California Department of Fair

26  Employment and Housing ("DFEH") on October 20, 2016.  Id. at ¶ 53.  DFEH issued a right to

27  Case No.: 5:17-cv-06680-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

3

1    sue notice that same day.  Id.  Plaintiff filed this action originally in Monterey County Superior

2    Court on October 19, 2017.  Alliance removed the action to this court on November 20, 2017.

3    Plaintiff asserts seven causes of action against Alliance under California law: (1) disability

4    discrimination in violation of Government Code § 12940(a); (2) failure to engage in the interactive

5    process in violation of Government Code § 12940(n); (3) failure to accommodate in violation of

6    Government Code § 12940(m); (4) retaliation in violation of Government Code 12945.2(1); (5)

7    failure to prevent harassment, discrimination or retaliation in violation of Government Code §

8    12940(k); (6) whistleblower retaliation in violation of Labor Code §§ 98.6 and 1102.5; and (7)

9    adverse employment action in violation of public policy.

10   **II.    LEGAL STANDARD**

11   Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the

12   pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  Judgment on the

13   pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is

14   entitled to judgment as a matter of law.'"  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.

15   2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

16   The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6)

17   motion.  Id.  Thus, a court must presume all facts alleged in the complaint as true, and determine

18   whether the complaint demonstrates a plausible entitlement to a legal remedy.  See Bell Atl. Corp.

19   v. Twombly, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule

20   12(b)(6)).  It may also consider materials subject to judicial notice without converting the motion

21   into one for summary judgment. United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008).

22   **III.    DISCUSSION**

23   This motion challenges causes of action one through six.  As to the first five arising under

24   the Fair Employment and Housing Act ("FEHA"), Alliance argues it is entitled to judgment as a

25   matter of law because Plaintiff did not timely file a pre-suit charge of discrimination with DFEH.

26   As to the sixth, Alliance argues the Complaint's allegations fail to show retaliation for

27   Case No.: 5:17-cv-06680-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

4

complaining about conduct within the jurisdiction of California's Labor Commissioner.

### A.    The First Through Fifth Causes of Action

#### i.    Governing Authority

Government Code § 12960 "provides that an employee bringing an FEHA claim must exhaust the administrative remedy by filing an administrative complaint with the DFEH within one year after the alleged unlawful action occurred." Acuna v. San Diego Gas & Elec. Co., 217 Cal. App. 4th 1402, 1412 (2013). "Exhaustion of administrative remedies is 'a jurisdictional prerequisite to resort to the courts.'" Johnson v. City of Loma Linda, 24 Cal. 4th 61, (2000) (quoting Abelleira v. Dist. Ct. of Appeal, 17 Cal. 2d 280, 293 (1941)). "A plaintiff suing for violations of FEHA ordinarily cannot recover for acts occurring more than one year before the filing of the DFEH complaint." Jumaane v. City of Los Angeles, 241 Cal. App. 4th 1390, 1400 (2015).

The continuing violation doctrine applies to FEHA claims for failure to accommodate a disability, and for retaliation. Richard v. CH2M Hill, Inc., 26 Cal. 4th 798, 823 (2001); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1056 (2005). "That doctrine . . . allows liability for unlawful employer conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period." Richard, 26 Cal. 4th at 802. The California Supreme Court has designated how the continuing violations doctrine applies to the one-year statute of limitations for filing an administrative complaint:

> [W]hen an employer engages in a continuing course of unlawful conduct under the FEHA by refusing reasonable accommodation of a disabled employee or engaging in disability harassment, and this course of conduct does not constitute a constructive discharge, the statute of limitations begins to run, not necessarily when the employee first believes that his or her rights may have been violated, but rather, *either* when the course of conduct is brought to an end, as by the employer's cessation of such conduct or by the employee's resignation, or when the employee is on notice that further efforts to end the unlawful conduct will be in vain.

Id. at 823-24 (emphasis preserved).

Case No.: 5:17-cv-06680-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

5

1      "It is plaintiff's burden to plead and prove the timely filing of the DFEH complaint."

2   Jumaane, 241 Cal. App. 4th at 1402.  Therefore, in the face of a statute of limitations defense

3   asserted at the pleadings stage, the Complaint's allegations must establish the plaintiff's claims are

4   timely asserted under the continuing violation doctrine.  See id.

5          **ii.    Application**

6          Plaintiff alleges he filed an administrative complaint with DFEH on October 20, 2016.  As

7   a consequence, Plaintiff cannot recover for acts occurring before October 20, 2015, unless the

8   continuing violation doctrine applies.  Alliance argues the Complaint does not justify the

9   doctrine's application to the first five causes of action.  The court agrees to some extent.  But

10  because the claims are not subject to a one-size-fits-all analysis, the result is not uniform.  Two

11  causes of action are entirely time-barred, and one is not.  The others are time-barred in part.

12         "The continuing violation doctrine requires proof that the conduct occurring outside the

13  limitations period was (1) similar or related to the conduct that occurred within the limitations

14  period; (2) the conduct was reasonably frequent; and (3) the conduct had not yet become

15  permanent."  Id.  "'[P]ermanence' in the context of an ongoing process of accommodation of

16  disability, or ongoing disability harassment, should properly be understood to mean the following:

17  that an employer's statements and actions make clear to a reasonable employee that any further

18  efforts at informal conciliation to obtain reasonable accommodation or end harassment will be

19  futile."  Richard, 26 Cal. 4th at 823.

20         Looking at the second cause of action for failure to engage in the interactive process,

21  Plaintiff alleges he requested Alliance make a reasonable accommodation for his physical

22  conditions, but that Alliance "failed to participate in a timely good-faith interactive process . . . to

23  determine whether reasonable accommodation could be made."  Compl., at ¶¶ 79, 80.  In support

24  of the third cause of action for failure to accommodate, Plaintiff alleges Alliance was aware he had

25  restricting conditions, but that Alliance failed to provide a reasonable accommodation for his work

26  restrictions.  Id. at ¶¶ 95, 97.  A reasonable employee in Plaintiff's position would have

27  Case No.: 5:17-cv-06680-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
    JUDGMENT ON THE PLEADINGS

1  understood on September 22, 2015, that Alliance had no intention of accommodating his

2  restrictions or engaging in informal discussions to determine whether an accommodation was

3  possible.  Indeed, Williams told Plaintiff on that date he could *not* continue working, and that he

4  *should not* return to work until his restrictions had been lifted because no light work was available.

5  That unequivocal statement shows that Alliance's conduct for these claims became permanent on

6  September 22, 2015.  The continuing violation doctrine, therefore, does not render the

7  administrative complaint timely as to the second and third cause of action.

8         For the first cause of action, Plaintiff alleges conduct both inside and outside the

9  limitations period.  He contends that Alliance engaged in disability discrimination by subjecting

10  him to "adverse employment actions including . . . failing to reasonably accommodate his

11  disability, issuing baseless disciplinary write-ups, failing to adhere to his work restrictions,

12  terminating his employment, and creating the overall hostile terms and conditions of his

13  employment."  Compl., at ¶ 63.  The only conduct that definitively occurred within the one-year

14  limitations period is Plaintiff's termination.  The Complaint establishes the other conduct occurred

15  prior to October 20, 2015, and became permanent on September 22, 2015.[1]  As with the second

16  and third causes of action, a reasonable employee would have known based on Williams'

17  statement that further efforts to obtain an accommodation for Plaintiff's work restrictions would

18  have been futile.  Whether the termination can be determined similar or related to the prior

19  conduct is of no moment, because Alliance had already made it clear to Plaintiff it would not

20  adhere to his work restrictions before he was terminated.  Thus, while Plaintiff can continue to

21  pursue this cause of action based on the termination, he cannot do so based on the other conduct

22  alleged.

23         The same result applies to the fifth cause of action for failure to prevent harassment,

24

25  ───────────────
[1] The Complaint's reference to "overall hostile terms and conditions" of Plaintiff's employment is

26  not connected to specific instances of conduct and, therefore, cannot be addressed on this motion.
Alliance may need to clarify this reference through discovery and renew its timeliness argument at

27  summary judgment.
Case No.: 5:17-cv-06680-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

discrimination and retaliation. Plaintiff alleges Alliance failed to take all reasonable steps to prevent Plaintiff from experiencing disability discrimination, the instances of which Plaintiff identified in his first cause of action. But "[t]here can be no liability for an employer's failure to prevent harassment claim unless actionable harassment occurred." Caldera v. Dep't of Corr. & Rehab., 25 Cal. App. 5th 31, 44 (2018). Here, the court has explained in the preceding paragraph that most of the instances of alleged disability discrimination are barred by the statute of limitations, and are therefore not actionable. See Jumaane, 241 Cal. App. 4th at 1410. With that conduct removed, what remains are the same facts as the first cause of action.

The fourth cause of action is for retaliation for taking medical leave in violation of Government Code § 12945.2. The plaintiff must plead four elements to establish a prima facie claim: "(1) the defendant was a covered employer; (2) the plaintiff was eligible for CFRA leave; (3) the plaintiff exercised his or her right to take a qualifying leave; and (4) the plaintiff suffered an adverse employment action because he or she exercised the right to take CFRA leave." Rogers v. Cty. of Los Angeles, 198 Cal. App. 4th 480, 491 (2011).

The elements show that the fourth cause of action is unlike the others, and its distinctions make a difference for § 12960's statute of limitations. Plaintiff alleges he was placed on medical leave on September 22, 2015, that he was terminated on November 3, 2015, and that he discovered the termination on August 5, 2016. Compl., at ¶¶ 111, 112. As already indicated, Williams told Plaintiff on September 22nd that he could not continue working that day, but that he should "return to work when he did not have any restrictions." Rather than communicating that further efforts would be in vain, Williams' statement communicated to Plaintiff the possibility he could return from medical leave at some point in the future once his work restrictions had been released. That possibility was not finally quashed until Plaintiff was terminated on November 3, 2015, or when Plaintiff was allegedly notified of the termination on August 5, 2016. Thus, though a reasonable employee would have understood Williams' September 22nd statement to definitively indicate that Plaintiff's restrictions would not be accommodated, that same reasonable employee

1    would not have understood the statement to mean that further efforts to return to work without

2    restrictions would have been futile.  Using either November 3, 2015, or August 6, 2016, as the

3    date that triggered the one-year statute of limitations, this claim is timely.

4         In sum, Alliance is entitled to judgment on the second and third causes of action in their

5    entirety.  It is also entitled to partial judgment on the first and fifth causes of action.  It is not

6    entitled to judgment on the fourth cause of action.

7         Though Plaintiff has requested leave to amend, the court finds that permitting amendment

8    would be futile.  See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058

9    (9th Cir. 2011).  The additional allegations proposed by Plaintiff - such as "further information

10   about the continued relationship" between Plaintiff and Alliance and facts demonstrating that

11   August 5, 2016, was the actual termination date - would not resolve the claims' problems with the

12   statute of limitations.  Nor can the court discern any other allegation that would overcome the

13   timeliness issue.  Accordingly, Plaintiff's request for leave to amend will be denied.

14        **B.    The Sixth Cause of Action**

15        Alliance argues Plaintiff cannot establish the portion of the sixth cause of action alleging a

16   violation of Labor Code § 98.6.  Plaintiff implicitly concedes the point by requesting leave to

17   remove the references to § 98.6.  Rather than taking Plaintiff up on that offer, the court will

18   instead grant Alliance's motion as to the sixth cause of action to the extent it is based on a

19   violation of Labor Code § 98.6.

20   **IV.   ORDER**

21        Based on the forgoing, Alliance's Motion for Judgment on the Pleadings (Dkt. No. 26) is

22   GRANTED IN PART and DENIED IN PART.

23        The motion is GRANTED as to the second and third causes of action in their entirety.

24        The motion is GRANTED IN PART and DENIED IN PART as to the first and fifth causes

25   of action consistent with the preceding discussion.

26        The motion is DENIED as to the fourth cause of action.

27   Case No.: 5:17-cv-06680-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
     JUDGMENT ON THE PLEADINGS

1    The motion is GRANTED as to the sixth cause of action to the extent it is based on a

2    violation of Labor Code § 98.6.

3        Plaintiff's request for leave to amend is DENIED.

4

5        **IT IS SO ORDERED.**

6    Dated: November 12, 2018

7    _____
     EDWARD J. DAVILA

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California